McGINLEY
vs
McLAUGHLIN.
ing under the ju-
nior entry are
estopped, as D
himself would
be, to say that
the first entry
patented & con-
veyed by D. was
not legally sur-
veyed according
to entry.

---

## McGinley *vs* McLaughlin.

ERROR TO THE JEFFERSON CIRCUIT.

*Notice. Depositions. Judgments. Clerical misprision.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

One days notice
to take a depo-
sition in Louis-
ville to one re-
siding two miles
from the city, is
reasonable as to
time and suffi-
ciently certain
as to place.

SERVICE of notice on the second of the month on the defendant, living only two miles from *Louisville*, was not unreasonable as to time for taking depositions in that city on the next day. Nor does the simple circum-stance that the notice designated no particular hour for taking the depositions, entitle the party notified to object to the reading of them on the trial. Had he attended on the 3d, and been nevertheless unreasonably deprived of the privilege of cross examination, proof of that fact

might have been sufficient for rejecting the depositions; he ought to have attended *on the day* fixed.

Nor was the isolated fact that the depositions were wholly in the hand writing of the counsel of the party who took them, sufficient, *per se*, for rejecting them. The practice of permitting depositions to be thus written is unsafe, and positively injurious, and therefore it ought to be rebuked and altogether discontinued, unless the parties are present and consent. But still the official certificate of the magistrate who superintended the taking of the depositions must be accredited; and nothing else appearing, we must presume therefore, that the responses of the deponents have not been colored or distorted, but purport to be precisely such as they were intended by the deponents themselves to have been.

Moreover, in this case, the facts proved are such as to exclude all suspicion of essential discoloration.

And, although the judgment as exhibited in the transcript before us, is against the defendants, yet it must be legally interpreted as a judgment against *McGinley* alone; because the suit having been abated as to his partner, on a return of "not found," there was only one defendant, and in such a case, defendants and defendant are deemed as synonymous as they could have, been had the declaration been filed against one alone, and in such a case even if the judgment be literally erroneous, it is amendable as a direct misprision.

Judgment therefore affirmed.

*Guthrie* for plaintiff.

*Marginal notes:*

Kouns *vs* Bank of Ky.

That a deposition is wholly in the hand writing of the party using it is not, *per se*, a good objection to it—the practice of counsel writing the deposit'n should be rebuked, and not indulged unless both parties be present and consent.

Suit against two, abated as to one, and judgment against the *defendants* should be understood as against him only who was before the Court as defendant—the use of the term *defendants* is a clerical misprision and amendable.